

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,572-01

### EX PARTE MILES WESLEY KENNEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-17-0059-01 IN THE 415TH DISTRICT COURT FROM PARKER COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest with a vehicle and sentenced to seventeen years' imprisonment. The Second Court of Appeals dismissed his appeal. *Kenney v. State*, No. 02-17-00375-CR (Tex. App.—Fort Worth Feb. 1, 2018) (not designated for publication).

Applicant contends that trial counsel failed to timely file a notice of appeal. We remanded this application to the trial court for further findings of fact and conclusions of law. The trial court has determined that counsel failed to timely file a notice of appeal. We find that Applicant is entitled

to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number CR-17-0059 from the 415th District Court of Parker County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered:  July 24, 2019
Do not publish